**SO ORDERED.**

**SIGNED this 23rd day of July, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| JOSEPH PARKER & CINDY PARKER | 07-50875-C |
| *DEBTORS* | CHAPTER 7 |

### ORDER DENYING REAFFIRMATION AGREEMENT

CAME ON for consideration the foregoing matter. The debtors' discharge was entered on July 16, 2007. The case was closed July 17, 2007. The debtors submitted a reaffirmation agreement with Wachovia Dealer Services on July 18, 2007.

Reaffirmation agreements must be made prior to the entry of the debtors' discharge. *See* 11 U.S.C. § 524(c)(1). The debtors signed this reaffirmation agreement on May 11, 2007. The creditor did not accept the agreement until July 13, 2007, according to Part B of the agreement. However, the agreement appears to have been *made* before the debtors discharge date.

Reaffirmation agreements must also be filed with the court. 11 U.S.C. § 524(c)(3). No time

deadline is supplied in this section, though one is implied by section 524(m), which calls upon the court to rule on whether an agreement should be disapproved before the entry of the debtor's discharge. *See* 11 U.S.C. § 524(m). The court cannot turn back the hands of time to rule on whether a reaffirmation agreement represents an undue hardship if the agreement is not actually filed until after the entry of the debtor's discharge. The statute has also overtaken the bankruptcy rules, which permitted hearings on reaffirmation agreements to take place up to 30 days following entry of an order granting or denying discharge. *See* FED.R.BANKR.P. 4008. In the case of a presumed hardship, such a hearing is an empty gesture, because of the statute's explicit requirement that any hearing to consider disapproval of an agreement on grounds of undue hardship must occur prior to the entry of the debtor's discharge. *See* 11 U.S.C. § 524(m).

Thus, to reconcile the changes made by BAPCPA, the court must imply a deadline earlier than that found in the bankruptcy rule (which has not yet been amended to reflect the changes to the statute). The reaffirmation agreement must be filed before the entry of the debtor's discharge, or it cannot be approved, at least in circumstances in which an undue hardship appears on the face of the reaffirmation agreement.

This brings us to this particular reaffirmation agreement. The debtors are proposing to reaffirm a debt of $18,453.79, at an interest rate of 10.9%, secured by a 2003 Ford Truck. The payments on this vehicle, originally purchased for $37,006.65, are $705.64 a month. On the first page of the agreement, the box "no presumption of undue hardship" has been checked. It is difficult to tell for certain who checked this box, but the debtors and the creditor, respectively, used a different colored pen to sign the agreement where indicated. The check in the box is in the darker shade used by the creditor's representative, suggesting that the creditor checked this box.

Part D of the agreement tells a different story, however. The debtors' income is reported to

be $2,433.68. Their expenses, not including this payment, are reported at $2420.84. That leaves, according to Part D, a *negative* $693.16 with which to pay for this truck.[1] Nor are the numbers in Part D inconsistent with the debtors' bankruptcy schedules. Schedule I and J confirm both the income and the expenses reported. More tellingly, however, Schedule J does *not* reflect an instalment payment of $705.64. It reflects no instalment payment at all for a vehicle.

This reaffirmation agreement thus clearly represents an undue hardship for the debtors (and the checked box indicating otherwise is both false and misleading). Shall the undue hardship be allowed to pass muster, receiving the court's *de facto* approval by the mere expedient of holding off the agreement's filing until it is too late for the court to conduct its review under section 524(m)? The question is its own answer. To reconcile the requirement of filing the agreement with the court imposed by section 524(c)(3) and the obligation of the court not to approve reaffirmation agreements that represent an undue hardship for the debtors, pursuant to section 524(m), the court must conclude that the deadline for filing such agreements is prior to the entry of the debtor's discharge. Rule 4008, which sets a different deadline (and which has not been amended since 1983), is not consistent with the statute as amended in 2005, and so must be ignored to the extent that it conflicts with the Code. *See In re Stogsdill*, 102 B.R. 587, 589 (Bankr. W.D.Tex. 1989) ("where the Bankruptcy Rules and the Bankruptcy Code are inconsistent, the Bankruptcy Code must control"); *accord In re Transworld Airlines, Inc.*, 2001 WL 1820325, at *9 (Bankr. D.Del. 2001); *see also In re Wideman*, 84 B.R. 97, 100-01 (Bankr. W.D.Tex. 1988); *see generally Central Trust Co. v. Official Committee of Geiger Enterprises, Inc.*, 454 U.S. 354, 358 (1982) (former bankruptcy rules found to be applicable under then new Bankruptcy Code only to the extent not inconsistent with the amendments made by the new Code).

---

[1] Which means that whoever checked that box on the first page of the reaffirmation agreement made a misrepresentation of material fact. Such misrepresentations are forbidden by Rule 9011. *See* FED.R.CIV.P. 9011(b)(3).

Because this reaffirmation agreement clearly represents an undue hardship which would have compelled the court to consider its disapproval under section 524(m), and because the reaffirmation agreement was filed too late for the court to discharge its statutory obligation, the court concludes that the reaffirmation agreement is untimely filed, represents an undue hardship, and so is not approved.

# # #